[Cite as *McCown v. Eichenberger*, 2024-Ohio-5270.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JESSICA McCOWN, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RAYMOND L. EICHENBERGER, | : | Case No. 23 CAG 12 0104 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:   Appeal from the Delaware
Municipal Court, Case No. 21 CVI
1791


JUDGMENT:        Affirmed


DATE OF JUDGMENT:     November 1, 2024


APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

LEVI J. TKACH         RAYMOND L. EICHENBERGER
Graff & McGovern, LPA      *Pro Se*
604 East Rich Street       P.O. Box 431
Columbus, Ohio 43215-5341    Reynoldsburg, Ohio 43068

*Baldwin, J.*

{¶1}     The appellant, Raymond L. Eichenberger, appeals the November 9, 2023, Judgment Entry. The appellee is Jessica McCown. The relevant facts are as follows.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}     We have previously set forth the facts and procedural history of this case in a prior decision ("Case 22 CAG 01 0001"). *See McCown v. Eichenberger*, 2022-Ohio-2861 (5th Dist.), ¶¶2-12.

{¶3}     In that case, the appellant filed a Motion to Quash Service on December 3, 2021. The trial court denied that motion.

{¶4}     On August 17, 2022, this Court affirmed the lower court's decision.

{¶5}     On August 31, 2022, the appellant filed a Motion to Reconsider our decision, arguing that this Court failed to consider that the appellant was not served with summons and a complaint, and a Motion for En Banc Consideration.

{¶6}     On October 12, 2022, this Court denied the appellant's Motion to Reconsider.

{¶7}     On October 17, 2022, this Court denied the appellant's Motion for En Banc Consideration.

{¶8}     On February 14, 2023, the Supreme Court of Ohio did not accept the appellant's appeal for review.

{¶9}     On October 10, 2023, the appellant refiled his Motion to Quash Service.

{¶10}   On November 9, 2023, the trial court denied the appellant's Motion to Quash Service without a hearing.

**{¶11}** The appellant filed a timely notice of appeal and herein raised the following assignment of error:

**{¶12}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO HOLD AN ORAL HEARING ON THE DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT IN THE SMALL CLAIMS CASE."

## ANALYSIS

**{¶13}** As an initial matter, we note that this Court is unable to reach the merits of the appellant's assignment of error. The doctrine of *res judicata* bars claims which were raised or could have been raised on direct appeal. *State v. Davis*, 2008-Ohio-4608, ¶6. *Res judicata* "preclude[s] a [party] who has had his day in court from seeking a second on that same issue." *State v. Saxon*, 2006-Ohio-1245, ¶18. It "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a [party] has already received a full and fair opportunity to be heard." *Id.*

**{¶14}** In the case at bar, the appellant has refiled his Motion to Quash Service in order to try for a second chance to argue the issue of service. The appellant raised the argument that the trial court failed to grant his Motion to Quash Service in both the first appeal, Case 22 CAG 01 0001, and again in a Motion to Reconsider. Therefore, this claim is barred by *res judicata*.

**{¶15}** Accordingly, the appellant's sole assignment of error is overruled.

## CONCLUSION

{¶16} Based on the foregoing, the judgment of the Delaware Municipal Court, Delaware County, Ohio, is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.